AO 241
REV 10/07

## PETITION UNDER 28 USC § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern |
|---|---|

| Name (under which you were convicted): RICARDO TENORIO PALMA | Docket or Case No.: 484434 Div. "F" |
|---|---|

**15-2169**

| Place of Confinement: DIXON CORRECTIONAL INSTITUTE | Prisoner No.: 579702 |
|---|---|

**SECT. C MAG. 2**

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| STATE Ex Rel. RICARDO TENORIO PALMA | v. | DARREL VANNOY, WARDEN |

| The Attorney General of the State of Louisiana |
|---|

### PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging: 22nd Judicial District Court, 701 North Columbia St., Covington, LA 70433

   (b) Criminal docket or case number (if you know): 484434

2.   (a) Date of the judgment of conviction (if you know): October 12, 2010

   (b) Date of sentencing: December 16, 2010

3.   Length of sentence: Fifty (50) years on each count, to be served concurrently

4.   In this case, were you convicted on more than one count or of more than one crime?

   **XX Yes** _____ No

5.   Identify all crimes of which you were convicted and sentenced in this case: Attempted First degree Murder and Armed Robbery, one count each

6.   (a) What was your plea? (Check one) ___ (1) Not guilty ____ (3) Nolo contendere (no contest)

   **XX (2) Guilty** ____ (4) Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

   (c) If you went to trial, what kind of trial did you have? (Check one)

   _____ Jury _____ **Judge** only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

   _____ Yes _____ No

8.   Did you appeal from the judgment of conviction?

   _____ Yes _____ **No**

**TENDERED FOR FILING**

**JUN 16 2015**

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

1

AO 241
REV 10/07

9.      If you did appeal, answer the following:

(a)  Name of court: <u>N/A</u>

(b)  Docket or case number (if you know): <u>N/A</u>

(c)  Result: <u>N/A</u>

(d)  Date of result (if you know): <u>N/A</u>

(e)  Citation to the case (if you know): <u>N/A</u>

(f)  Grounds raised: <u>N/A</u>

(g) Did you seek further review by a higher state court?      ___ **Yes** ___ **No**

        If yes, answer the following:

        (1)  Name of court: <u>N/A</u>

        (2)  Docket or case number (if you know): <u>N/A</u>

        (3)  Result: <u>N/A</u>

        (4)  Date of result (if you know): <u>N/A</u>

        (5)  Citation to the case (if you know): <u>N/A</u>

        (6)  Grounds raised: <u>N/A</u>

(b) Did you file a petition for certiorari in the United States Supreme Court? ___ Yes   **XX No**

        If yes, answer the following:  <u>**N/A**</u>

        (1)  Docket or case number (if you know): <u>**N/A**</u>

        (2)  Result: <u>**N/A**</u>

        (3)  Date of result (if you know): <u>**N/A**</u>

        (4)  Citation to the case (if you know): <u>**N/A**</u>

10.     Other than the direct appeals listed above, have you previously filed any other petitions, application, or motions concerning this judgment of conviction in any state court? **XX** Yes ___ No

11.     If your answer to Question 10 was "Yes", give the following information:

(a)      (1) Name of court: **<u>22nd Judicial District Court</u>**

          (2) Docket or case number (if you know): <u>484434</u>

          (3)  Date of filing (if you know): _____

          (4)  Nature of the proceeding: **<u>Application for Post Conviction Relief Appeal</u>**

          (5)  Grounds raised: **<u>See attached Copy</u>**

          (6)  Did you receive a hearing where evidence was given on your petition, application, or motion?  ___ **Yes**   **XX No**

          (7)  Result: **<u>Denied</u>**

          (8)  Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

          (1)  Name of court: **<u>First Circuit Court Of Appeal</u>**

          (2)  Docket or case number (if you know): **<u>2013-KW-1611</u>**

AO 241
REV 10/07

(3) Date of filing (if you know): **September 11, 2013**

(4) Nature of the proceeding: **Petition for Writs of Supervisory and Review**

(5) Grounds raised: **See attached Copy**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? ____ **Yes**    **XX No**

(7) Result: **Denied**

(8) Date of Result (if you know): **February 18, 2014**

(c) If you filed any third petition, application, or motion, give the same information: **Yes**

(1) Name of court: **Supreme Court of Louisiana**

(2) Docket or case number (if you know): **2014-KH-0835**

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: **Petition for Writs of Certiorari and Review**

(5) Grounds raised: **See attached Copy**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? ____ Yes    **XX No**

(7) Result: **Denied**

(8) Date of result (if you know): **April 17, 2015**

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ____ **Yes**    ____ **No**

(2) Second petition:    ____ **Yes**    ____ **No**

(3) Third petition:    ____ **Yes**    ____ **No**

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
All State Remedies were taken and Exhausted

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE**:   See attached copy of all Briefs, Writs, Petitions, and Applications filed in this case

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

See attached copy of all Briefs, Writs, Petitions, and Applications filed in this case

(b) If you did not exhaust your state remedies on Ground One, explain why:   All State Remedies have been Exhausted

3

AO 241
AO 241
REV 10/07

**(c) Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? _____ Yes _____ No

(2) If you did not raise this issue in your direct appeal, explain why:  N/A

(3)  (d)   Post-Conviction Proceedings: **N/A**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **N/A**

_____ Yes        _____ No

(2) If your answer to Question (d)(1) is "Yes," state: **N/A**

Type of motion or petition:  **N/A**

Name and location of the court where the motion or petition was filed:  N/A

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(3) Did you receive a hearing on your motion or petition? **N/A**      **Yes        No**

(4) Did you appeal form the denial of your motion or petition? **N/A**      **Yes        No**

(5) If your answer to Question (d)(4) if "Yes," did you raise this issue in the appeal? **N/A**

Yes     **No**

(6) If your answer to Question (d)(4) is "Yes," state: **N/A**

Name and location of the court where the appeal was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:  **N/A**

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **N/A**

**GROUND TWO:**  See attached copy of all Motions, Writs, Petitions, and Applications filed in this case

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):  See attached copy of all Briefs, Writs, Petitions and Applications filed in this case

(b) If you did not exhaust your state remedies on Ground One, explain why:  All State Remedies have been Exhausted

**(c)       Direct Appeal of Ground Two:**

(1) If you appealed form the judgment of conviction, did you raise this issue? _____ Yes **XX** No

AO 241
REV 10/07

**(2)** If you did not raise this issue in your direct appeal, explain why:    All issues raised are Application for Post Conviction Relief Issues and are better brought per PCR.

**(3)**  (d) Post-Conviction Proceedings: See attached copy

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **XX** Yes _____ No

(2)  If your answer to Question (d)(1) is "Yes," state: _____

Type of motion or petition: Application for Post Conviction Relief Name and location of the court where the motion or petition was filed: 22nd Judicial District Court, 701 North Columbia St., Covington, LA 70433

Docket or case number (if you know): 484434

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3)  Did you receive a hearing on your motion or petition? _____ Yes   **XX** No

(4)  Did you appeal form the denial of your motion or petition? **XX** Yes _____ No

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

**XX** Yes _____ No

(6)  If your answer to Question (d)(4) is "Yes," state: First Circuit Court of Appeal

Name and location of the court where the appeal was filed: 1600 North Third St., P.O. Box 4408, Baton Rouge, LA 70821-4408

Docket or case number (if you know): **2013-KW-1611**

Date of the court's decision: **February 18, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:  **N/A**

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    **XX** Yes _____ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, what ground or grounds have not been presented, and state your reasons for not presenting them: All have been Exhausted at all State Court Levels.

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    _____ Yes    **XX** No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

AO 241
REV 10/07

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?      ____ Yes      **XX** No

        If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the ground raised.

18.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

        (a) At preliminary hearing: James Leydecker, Louisiana Appellate Project Covington, LA 70433-2638

        (b) At arraignment and plea: James Leydecker, Louisiana Appellate Project Covington, LA 70433-2638

        (c) At trial: N/A

        (d) At sentencing: James Leydecker, Louisiana Appellate Project Covington, LA 70433-2638

        (e) On appeal: N/A

        (f) In any post-conviction proceeding: **Pro-se**

        (g) On appeal from any ruling against you in a post-conviction proceeding: **Pro-se**

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      ____ Yes      **XX** No

        (a) If so, give name and location of court that imposed the other sentence you will serve in the future: **N/A**

        (b) Give the date the other sentence was imposed:  **N/A**

        (c) Give the length of the other sentence:  **N/A**

        (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? **N/A**      ____ **Yes**      ____ **No**

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

        * The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

AO 241
REV 10/07

(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a

person in custody pursuant to the judgment of a State court. The limitation period shall run

from the latest of –

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the united States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   Reversal of the penalty

imposed, Order the Trial Court to Remand for the Imposition of a Illegal Sentence, and/or grant any other

relief to which petitioner may be entitled.   *None*

_____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that

this Petition for Writ of Habeas Corpus was placed in the prison mailing system on   6 - 13 - 15
_____
(month, date, year).


Executed (signed) on _____ 6-13-15 _____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not

signing this petition.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

STATE Ex Rel. RICARDO TENORIO PALMA

VERSUS                                          CASE NO. **15-2169**

DARREL VANNOY, WARDEN                           **SECT. C MAG. 2**

## PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS

Ricardo Tenorio Palma #579702, an inmate confined at the Dixon Correctional Institute, Jackson, Louisiana.

1.) The petitioner's case arises from an Indictment/Bill of Information filed by the District Attorney's Office, in and for the 22nd Judicial District Court, Parish of St. Tammany, Louisiana, charging petitioner with violating R.S. 14:(27)30, attempted first degree murder, one count, and violating R.S. 14:64, armed robbery, one count.

2.) On the 12th day of October 2010, the petitioner withdrew his original plea of not guilty and tendered a guilty plea to the trial court.

3.) On the 16th day of December 2010, the trial court imposed to two terms of Fifty (50) years at hard labor, with credit for time served, to be served concurrently with one another.

4.) The petitioner, Palma filed a Application for Post Conviction Relief, to the Trial Court, whereas, the Trial Court issued an Order Denying Petitioner's Application on the 7th day of August 2013. The defendant received the Order of Denial on the 12th day of August 2013.

5.) On the 13th day of August 2013, the petitioner filed a Notice of Intent and Request for a Return Date, whereas, the Trial Court issued a Return Date.

6.) The petitioner then filed Writ to the First Circuit Court of Appeal. The petitioner's Writ Application was denied.

7.) The petitioner sought review before the Louisiana Supreme Court. On the 17th day of April 2015, the petitioner's Writ Application was denied.

It is from these decision that this Writ Application Arises.

## REASONS FOR GRANTING CONSIDERATION

The Continued Incarceration of the Petitioner Would Be a Violation of His Rights to Due Process of Law as, Counsel allowed petitioner's Rights to be violated from the Misleading Advice, clearly offending Due Process, and Equal Protection of the Law that is guaranteed under the United States Constitution. *U.S.C.A. Const. Amend.* **(14).** The Trial Court erred in accepting petitioner's guilty pleas that were involuntarily made under duress, coercion, and intimidation; in violation of *U.S.C.A. Const. Amends.* (6th) and (14th); The Trial Court erred in allowing petitioner to plead guilty to offenses that violates the Double Jeopardy Provisions Clause.

Counsel was ineffective for allowing the Trial Court Judge to accept petitioner's guilty pleas that were involuntarily made under duress, coercion, and intimidation; in violation of *U.S.C.A. Const. Amends.* (6th) and (14th); and Counsel was also ineffective for allowing the petitioner to plead guilty to offenses that violates the Double Jeopardy Provisions Clause.

The **Fifth Amendment to the United States Constitution** states [n]o person . . . shall be deprived of life, liberty, or property, without due process of law. **U.S. Const., Amend. V**; see also **La. Const. art. 1 & 2.**

2

The **Fifth Amendment** is applicable to Louisiana via operation of the *14th Amendment* to the United States

Constitution. *U.S. Const. Amend. XIV*; See also *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Jones v. City Parish of East Baton Rouge*, 526 So.2d 462, 465 (La. App. 1st Cir. 1988).

In evaluating due process claims, this court inquire whether the practice "offends some principle of justice so rooted in the traditional and conscience of our people as to be ranked as fundamental." *Snyder v. Massachusetts*, 291 U.S. 97, 105, 54 S.Ct. 330, 332, 78 L.Ed.2d 674 (1934). A stated by Justice Frankfurter, due process:

> Embodies a system of rights based on moral principles so deeply imbedded in the traditions and feelings of our people as to be deemed fundamental to a civilized society as conceived by our whole history. Due Process is that which comports with the deepest notions of what is fair, right, and just.

*Soleshee v. Balkcom*, 339 U.S. 9, 16, 70 S.Ct. 457, 461, 94 L.Ed.2d 604 (1950).

The Due Process Clause will be validated upon actions that "violate those fundamental conceptions of justice which lie at the base of our civil and political institution and which define the community's sense of fair play and decency". *United States v. Lovasco*, 431 U.S. 783, 790, 97 S.Ct. 2044, 2049, 52 L.Ed.2d 752 (1977). The Supreme Court has defined the category of infractions that violate fundamental fairness very narrowly. *Dowling*, 493 U.S. at 352-53, 110 S.Ct. at 674. The primary guide in determining whether the principle in question is fundamental is, of course historical practice. *Montana v. Egelhoff*, 518 U.S. 37, 41-44, 116 S.Ct. 2013, 2017, 135 L.Ed.2d 361 (1996).

3

During the years surrounding the founding of this Country, and proceeding to the present day, the idea that one cannot be convicted upon evidence that does not rise to a level beyond reasonable doubt has become enmeshed in the American Judiciary. "[O]ur common-law heritage, our Constitution, and our Experience in applying that Constitution have committed us irrevocably to the position that the guilty plea has one well-defined purpose—to provide a fair and reliable determination of guilt.       Counsel allowed petitioner's Rights to be violated from the Misleading Advice, clearly offending Due Process, and Equal Protection of the Law that is guaranteed under the United States Constitution.   *U.S.C.A. Const. Amend.* **(14).**   The Trial Court erred in accepting petitioner's guilty pleas that were involuntarily made under duress, coercion, and intimidation; in violation of *U.S.C.A. Const. Amends.* (6th) and (14th);  and the Trial Court Judge erred in allowing petitioner to plead guilty to offenses that violates the Double Jeopardy Provisions Clause.

Counsel was ineffective for Allowing the Trial Court Judge to accept petitioner's guilty pleas that were involuntarily made under duress, coercion, and intimidation; in violation of *U.S.C.A. Const. Amends.* (6th) and (14th); and Counsel was also ineffective for allowing the petitioner to plead guilty to offenses that violates the Double Jeopardy Provisions Clause.

### ASSIGNMENT OF ERROR NO. (1)

The Trial Court erred in accepting petitioner's guilty pleas that were involuntarily made under duress, coercion, and intimidation; in violation of *U.S.C.A. Const. Amends.* (6th) and (14th)

4

## LAWS AND ARGUMENT

Since the petitioner waived many constitutional rights by pleading guilty, the pleas must be entered into knowingly and voluntarily with the advice of competent counsel. ***Tollet v. Henderson***, 411 U.S. 258, 262, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1972); ***Brady v. United States***, 397 U.S. 742, 758, 25 L.Ed.2d 747, 90 S.Ct. 1463 (1970). Under *Boykin v. Alabama*, 395 U.S. 238, 242, 23 L.Ed.2d 274, 89 S.Ct. 1709 (1969), a plea of guilty is valid only if the decision to enter that plea is the same as a conviction without a trial, a defendant must be informed of the right he or she is waiving. *Boykin* requires "an express and knowing waiver of a least [t]he three federal constitutional rights" of the right against self-incrimination, the right to trial by jury, and the right to confront one's accusers. The dispute here is not whether Palma's was fully informed of his constitutional rights, but whether he based his decision to plead guilty to the charges of Attempted First Degree Murder and Armed Robbery based on material mistake of facts.

The Louisiana Supreme Court has held that "while an understanding of the triad of rights may be the ***sine qua non*** for acceptance of a guilty plea. It is also true that other factors may have a bearing on the validity of the plea. A mere recitation of the rights does not always insure the intelligent and voluntary nature of the plea". ***State v. Haslsell***, 403 So.2d 688 (La.1981). Under this reasoning, Palma entered into the plea agreement under the mistaken belief that he faced exposure of life imprisonment if he went to trial for the attempted first degree murder and armed robbery charges. Palma's did not know he could have been found not guilty, or found guilty of the lesser crimes defined in ***La. C.Cr.P. art.*** 814(8.1). The State would have to prove that Palma's has

specifically intended to commit the crimes against on the victim.   If the court would have explained the requirements of the State to prove attempted first degree murder and armed robbery prior to accepting petitioner's guilty pleas, Palma would have plead would not have plead guilty and insisting to go to trial.

In *Smith v. Blackburn*, 785 F.2d 535 (5th Cir.1986), the United States Court of Appeal Fifth Circuit held that, "a plea bargain is not merely a contract between the defendant and the State, but in addition, induces the accused to waive important constitutional rights".   In the instant case, the guilty pleas were induced by a mistaken of facts and thus, was not intelligently made by him.

If a defendant is induced, believes, or makes a material mistake of facts as to any significant degree of the issue underlying the pleas, the pleas must be vacated.   Further, notwithstanding *Boykin* waiver of constitutional rights, the court must determine other factors were present at the time of the guilty plea colloquy sufficient to render the pleas involuntary or unintelligently rendered.   The Court must look beyond the Boykinization to all of the pertinent and relevant factors.   *State v. Potts*, 554 So.2d 117 (La.App. 2nd Cir.1989).   Where a defendant steadfastly maintains his innocence and pleads only because of an agreement, the court cannot find the plea voluntary and intelligent without first making a judicial finding that a significant, substantial factual basis existed for the plea.   *State v. Fletcher*, 624 So.2d 470 (La.App. 2nd Cir. 1993).

This reasoning of the Louisiana Supreme Court is applicable in the instant case. As ready explained in the previous section, Palma pled guilty because of a material mistake of facts.   He was not informed that the state would have to prove that he had specifically forced himself on the victim, or any other element to prove attempted first

degree murder and armed robbery; any factual basis the court found for the plea is undermined and called into serious doubt. Thus, Palma entered guilty pleas on the material mistake of facts and incomplete information.

The petitioner respectfully submits that his guilty plea he entered in this instant case was vicious pleadings and entered involuntarily, by coercion, intimidation, and under duress. The petitioner was threatened by his attorney the Trial Court Judge, and the District Attorney, that if he did not plead guilty and if he went to trial, they were going to make sure he would receive a Life Sentence.

The petitioner avers that, upon being arrested, the court appointed an Attorney to represent him in this instant case. The petitioner further avers that when trying to contact his attorney, he was unable to contact the attorney, because he was never there. Upon trying to contact the attorney, the attorney was never there and/or would never return his calls when he tried to contact him. When the petitioner spoke to the attorney for the first time after his arrest and being charged, the attorney advised petitioner that, motions would be filed for Preliminary Examination, Inspection, Discovery, and Suppression of the Evidence, whereas, that was the only time he was able to speak with his attorney. Upon the petitioner trying to contact the attorney, he would never be there, so at that point on, petitioner was as if he never had an attorney to assist and/or represent him in the Court proceedings.

The petitioner was brought before the bar, and the attorney not protecting petitioner Due Process Rights, allowed the Trial Court Judge and the District Attorney to violate petitioner's Rights. The violation of Due Process Rights and the advice of his

7

attorney, lead the petitioner to enter into involuntarily pleas that were made under duress, coercion, and intimidation; in violation of *U.S.C.A. Const. Amends.* (6th) and (14th).

The attorney stated to the petitioner, if you do not plead guilty, the court was going to make sure he would receive a Life Sentence.  The petitioner entered these guilty pleas from the threats of the attorney, trial court judge, and district attorney.

This type Stratagem creation imposes an "Expost Facto Law Violation", which is defined as a law which provides for the infliction of punishment upon a person for an act done which, when it was committed, was innocence.  Upon the attorney representing and rendering advice cause the petitioner to give up his rights and enter guilty pleas without adequate assistance of counsel, because the attorney was not ready for trial, and caused the petitioner to enter a plea of guilty.  This Express Abrogation, was clearly a violation of the Expost Facto Law, whereas, the Trial Court Judge, District Attorney, and Defense Attorney were all involved in the scheme to change the Rules of Evidence, assuming to regulate civil rights and remedies in which relation to the offense or it's consequences, alters the situation of a person to his "**DISADVANTAGE" Wilensky v. Fields**, Fla., 267 So.2d 1, 5.  The petitioner's attorney in this instant case kept telling petitioner that, nothing could be done for him, and if he wanted to go to trial, that it did not make any difference to him, because he goes home.  They were going to make sure he would never get out of prison.

The petitioner in this case in chief holds that he was lead to believe that he was going to receive a life sentence if he did not plea guilty.  Due to the misleading information, petitioner pled guilty, whereas, he must be afforded an Evidentiary Hearing in this instant case.

The petitioner avers that, his case is a case of an individual who is caught up in a system that has no regards for the rights of a human being. In this case, before the bar, no one protected petitioner's rights, but only allowed the petitioner's constitutional and due process rights to be violated.

The United States and State of Louisiana Constitution prohibits against such malice acts by the hands of individuals, such as the (defense counsel, district attorney, and the trial court judge) that may commit such a violation of an individual's rights.

In **Fontaine v. U.S.**, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973). It was held that a Preliminary Hearing must be afforded a defendant who alleges that his plea was coerced and not with understanding, that in proceedings under **RULE (11)**, they acknowledge that his pleas was not given Voluntary and Knowingly. The court said the objective of **Fed. Rule of Crim. Pro.** (11), of course, is to flush out and resolve all such issues, but like any procedural mechanism, it's exercise is neither always perfect nor uniformly invulnerable to subsequent challenge calling for the opportunity to prove the allegations. 411 U.S. at 213, 93 S.Ct. at 1462. (Footnote Omitted). **Taylor v. U.S.**, 193 F.2d 411, (La. 10th Cir. 1952); See also, **Von Moltka v. Gillies**, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed.2d 309.

The petitioner's case arises from the district attorney, trial court judge, and defense counsel, employing phony and unfounded charges to force petitioner to plead guilty and to give up his constitutional and due process rights of Law, can only be cured by the ruling in **Sanders v. U.S.**, 373 U.S. 1, 19, 20, 83 S.Ct. 1068, 1079, 10 L.Ed.2d 148.

The petitioner avers that, had the attorney reviewed the case, the evidence of that review would have provided evidence in favor of the petitioner's, which the outcome would have been different.  The defense attorney advise the petitioner that, it did not make a difference, because the district attorney and the Trial Court was going to make sure the jury would find him guilty and he would get a life sentence.

The petitioner avers that, his attorney stated, it just don't matter, you will be found guilty.

In this instant case, the petitioner was faced with a Legal System who has been known to just punish people, even though they did not have any evidence or limitation for prosecution has expired.  It's a case that, if you know someone, **"GOOD"**, but if you don't, **"SHAME ON YOU"**.

Therefore, how can this individual have received a fair day in the 22nd Judicial District Court? If the records of all whom were tried and/or plead guilty in this court are reviewed, it will clearly provide sufficient proof that there are threatening situation that occurs all the time in this Court.  It is a situation of **"DAM" if you do, and "DAM" if you don't**.  In this case, petitioner respectfully submits that the plea entered, was a vicious pleading, and entered involuntary, by threats, coercion, under duress, and intimidation.  The petitioner points out that, he was forced to plead guilty, because his attorney, trial court judge, and the district attorney threatened him, if he went to trial, and not plead guilty, they were ready for him and he would see himself get a Life Sentence.  Had it not been for the defense counsel, trial court judge, and district attorney's threats, the petitioner would not have pled guilty and insisted on going to trial.  See, **Weed v. U.S.: WHERE THE COURT STATED:** that the proceedings at which defendant's

waiver of constitutional rights from a transcript, still might be a case he did not make an

intelligent and understanding waiver of his rights at 792. See, **Machibroda v. U.S.**, 368

U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; **More v. Michigan**, 355 U.S. 155, 78 S.Ct. 191,

2 L.Ed.2d 167; **Pennsylvania ex rel. Herman v. Claudy**, 350 U.S. 116, 76 S.Ct. 223,

10 L.Ed.2d 126

## WHERE THE COURT HELD

There will always be marginal cases and this is not far from the line. But Specific and detailed factual assertions of the petitioner, while importable cannot at this judicature be said to be incredible, if the allegations are true. The petitioner is clearly entitled to relief * * * **Machibroda v. U.S.**, supra, 368 U.S. at 495-496, 82 S.Ct. at 514, 7 L.Ed.2d 473 (Footnote Omitted).

Admissibility of confession must be based on reliable determination on

voluntariness issue, which satisfies constitutional rights of the defendant.

However, in this case, it fell below of the determination, when the petitioner

withdrew his previously entered pleas of not guilty from advice of his attorney.

In **Boykin v. Alabama**, 89 S.Ct. at 1713, there the dissenting Justice, in that case

stated that, the Law accurately hen they concluded that there was reversible error because

the record does not disclose that the defendant voluntarily and understandingly entered

his pleas of guilty. 281 Ala. At 663, 209 2d at 415.

Likewise, the petitioner's transcript is devoid of this same holding that the court

said in **"BOYKIN"**:

"[It] is inadequate to show that petitioner intelligently and knowingly pleaded guilty" ante, at 1711. The court thus in effect fastens upon the States, as a melter of Federal Constitutional Law, then Figid Prophylactic requirements of **RULE (11)** of the Federal Rules of Criminal Procedure, it does go in circumstances where the court itself has only very recently held applicable of **RULE (11)** to be unnecessary in the federal Court. See **Haliday v. U.S.**, 384 U.S. 831, 89 S.Ct. 1498,

23 L.Ed.2d 16 (1969).   Moreover, the court does all this at the **"BEHEST"** of the petitioner who has never at any time alleged that his guilty plea was involuntary or made without knowledge of the consequences; I cannot possibly subscribe to so bizarre a result.

The petitioner avers that, at no time did he waive his constitutional rights; *U.S.C.A. Const. Amends.* **(6) & (14);** as well as his due process rights of Law that guarantees the prevention of a criminal conviction from being made the deluded instrument of his own conviction.

The very essence of this basic Constitution Principle is the requirement that the State, which proposes to convict and punish an individual to produce the evidence against him by the independent labor of it's officers, not by the simple, cruel expedient of forcing it from his on lips.

## ASSIGNMENT OF ERROR NO. (2)

The Trial Court erred in allowing petitioner to plead guilty to offenses that violates the Double Jeopardy Provisions Clause.

## LAWS AND ARGUMENT

In this instant case, the defense attorney was ineffective, as well as inconsistent in the approach he took as the explainer of information and rights that petitioner was informed of.

Counsel allowed petitioner's Rights to be violated from the Misleading Advice, clearly offending Due Process, and Equal Protection of the Law that is guaranteed under the United States Constitution. *U.S.C.A. Const. Amend.* **(14)**

The petitioner further avers that, after this attorney was appointed to represent him, neither he nor his family was unable to contact the attorney, nor did the attorney contact him in an effort to prepare a defense.

The petitioner requested to speak to the attorney and the only words was, you better plead guilty or Life in prison if you don't plead guilty.

The attorney came over to the petitioner, advising him to plead guilty beyond the petitioner will. The attorney advised the petitioner that, there was no need to file motions because it would not make a difference. It's either you plead guilty and except what the district attorney and the judge wants, or you go to trial and get life. It is up to you, because, I go home at night.

It is very clear that, the defense attorney was not ready nor did he ever get ready to prepare a defense in petitioner's behalf. In this case, the attorney just allowed whatever the district attorney and the trial court judge wanted to happen, happened.

This type action was prejudice towards petitioner regarding to the subject matter involved. This impairment towards petitioner, clearly includes threats to what has been termed an accuses' significant stakes, psychological, physical, and financial, in the prompt termination of a proceeding ultimately deprived him of life and liberty by the handed Precipitation of his attorney.

This type practice is practiced all the time by attorneys, who accept cases, but fails to properly investigate the case and is not ready for the Court appearances.

Petitioner's attorney never was in petitioner's behalf, as well as the attorney knew that the Trial Court and State were violating petitioner Due Process Rights. The petitioner was made to plead guilty by the advices of the attorney. *State v. McIntyre*, 544

So.2d 86 (La. App. 3 Cir. 1989).  In this case, petitioner's attorney failed to adequately protect and pursue petitioner's constitutional rights, liberties, and due process as is guaranteed by the (14th) Amendment to the United States Constitution.

In *Hill v. Lockhart*, U.S., 106 S.Ct. 366,  88 L.Ed.2d 203 (1985);  the United States Supreme Court held:

> Where, as here, a defendant is represented by counsel during plea process and enters his plea upon advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in Criminal Cases". *McMann v. Richardson,* 397 U.S. 759, 771, 25 L.Ed. 2d 763 (1970).

In this case, the errors of counsel consisted of his failure to grasp the very real possibility that petitioner was not guilty, due to the insufficient evidence that was brought against him.

It is unlikely that petitioner's attorney had properly informed petitioner of the defense to the offense that he was being accused of committing.  This defendant has clearly shown that there is reasonable probability that, but for counsel's errors, he would not have pled guilty to the alleged allegations that he was being accused of committing, whereas, petitioner would have insisted on going to trial.

In *Gideon v. Wainwright*, 372 U.S. 353,  83 S.Ct. 792,  9 L.Ed.2d 799; rested in the **"obvious truth"** lawyers are **"necessities"** not **"luxuries"** in our adversarial system of criminal justice is the objective that the guilty be convicted and the innocence go free.

If the attorney would have investigated and interviewed witnesses in this case, would have seen that, there was no evidence and/or so called evidence was not evidence that could have been used against the petitioner, whereas, this was only allowed to violate the petitioner's rights.

14

## C O N C L U S I O N

WHEREFORE, considering the facts and laws being in his favor, Ricardo Tenorio Palma, respectfully prays that this Honorable Court will Review and Order the Trial Court to vacate the convictions and sentences, orders the custodian to release petitioner from custody, and/or granting any other relief to which he may be entitled.

Allows petitioner such other, further and alternative relief as may seem just, necessary, equitable, and proper in these circumstances.

Respectfully Submitted:

Ricardo Tenorio Palma #579702
Dixon Correctional Institute
P.O. Box 788 / U-1-D-F
Jackson, LA 70748-0788

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Application on the District Attorney's Office for the Parish of St. Tammany, by placing the same in the United States Mail, properly addressed and postage prepaid on this 10th day of June 2015.

Jackson, Louisiana.

Ricardo Tenorio Palma #579702

15