# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICARDO TENORIO PALMA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2169** |
| **DARREL VANNOY, WARDEN** | **SECTION "C"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Ricardo Tenorio Palma, is incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[2] On February 22, 2010, Palma was charged by bill of information in St. Tammany Parish with attempted first degree murder and armed robbery.[3] Palma initially entered a not guilty plea on March 18, 2010.[4]

The Louisiana First Circuit Court of Appeal summarized the underlying facts of the case as follows:

> Due to the guilty pleas in this matter, there was no trial and, thus, no trial testimony concerning the offenses. The State and the defense, however, stipulated that the victim, Ms. Ula Reynolds, would testify that she was familiar with the defendant because he had hung Christmas tree lights for her before the incident and that on the day of the incident, he had come into her home, forcibly taken property from her, and caused a life-threatening injury to her neck with a sharp object. The bill of information charged the defendant committed the offenses on December 16, 2009.

(footnotes omitted) State v. Palma, No. 2012-KA-0890, 2012 WL 6681861, at *1 (La. App. 1st Cir. Dec. 21, 2012); State Record Volume 1 of 4, Louisiana First Circuit Court of Appeal Opinion, 2012-KA-0890, 12/21/12.

---

[2]Rec. Doc. No. 4.

[3]St. Rec. Vol. 2 of 4, Bill of Information, 2/22/10.

[4]St. Rec. Vol. 2 of 4, Bill of Information, 9/30/10.

After being found competent to proceed, Palma withdrew his former plea and entered a guilty plea to both charges on October 21, 2010.[5] The state trial court sentenced Palma on December 16, 2010, to fifty (50) years in prison on each count to be served concurrently and without benefit of parole, probation or suspension of sentence.[6]

Palma was eventually granted an out-of-time appeal to the Louisiana First Circuit Court of Appeal.[7] His appointed counsel asserted that the plea to both charges violated the double jeopardy clause and the sentence imposed exceeded the one included in the plea agreement.[8] Palma did not file a pro se supplemental brief although he was granted leave to do so.[9] The Louisiana First Circuit affirmed the conviction and sentence on December 21, 2012, finding no merit in either claim raised.[10]

The Louisiana Supreme Court denied Palma's subsequent writ application on June 21, 2013, without stated reasons.[11] Palma's conviction became final ninety (90) days

---

[5] St. Rec. Vol. 2 of 4, Plea Minutes, 10/21/10; Guilty Plea Transcript, 10/21/10; Motion to Appoint Sanity Commission, 8/11/10; Hearing Minutes, 9/30/10; Hearing Transcript, 9/30/10.

[6] St. Rec. Vol. 2 of 4, Sentencing Minutes, 12/16/10; Sentencing Transcript, 12/16/10.

[7] St. Rec. Vol. 2 of 4, Minute Entry, 3/7/12; Hearing Transcript, 3/7/12; Uniform Application for Post-Conviction Relief, 5/31/11; Trial Court Order, 6/22/11; 1st Cir. Order, 2011-KW-2287, 1/27/12.

[8] St. Rec. Vol. 3 of 4, Appeal Brief, 2012-KA-0890, 6/18/12.

[9] St. Rec. Vol. 3 of 4, Motion for Leave, 7/11/12; 1st Cir. Order, 2012-KA-0890, 7/12/12.

[10] State v. Palma, No. 2012-KA-0890, 2012 WL 6681861, at *1 (La. App. 1st Cir. Dec. 21, 2012); St. Rec. Vol. 1 of 4, 1st Cir. Opinion, 2012-KA-0890, 12/21/12.

[11] State v. Palma, 118 So.3d 408 (La. 2013); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2013-KO-0139, 6/21/13; La. S. Ct. Writ Application, 13-KO-139, 1/17/13 (dated 1/14/13).

later, on September 19, 2013, when he did not file a writ application with the United States Supreme Court. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

In the meantime, on July 11, 2013, Palma signed and submitted an application for post-conviction relief to the state trial court in which he asserted the following grounds for relief:[12] (1) The state trial court erred in accepting guilty pleas that were involuntarily made under duress, coercion and intimidation. (2) The state trial court erred in allowing Palma to plead guilty to offenses that violated the Double Jeopardy Clause. Although the second issue was framed as a trial court error, the content of the argument was directed solely to a claim of ineffective assistance of counsel, alleging that counsel provided misleading and inconsistent advice, was not in contact with Palma and his family and did not prepare a defense. The state trial court denied the application without stated reasons on August 7, 2013.[13]

---

[12]St. Rec. Vol. 1 of 4, Uniform Application for Post-Conviction Relief, 7/18/13 (dated 7/11/13).

[13]St. Rec. Vol. 1 of 4, Trial Court Order, 8/7/13.

The Louisiana First Circuit denied Palma's related writ application without stated reasons on February 18, 2014.[14] Palma did <u>not</u> timely file a writ application with the Louisiana Supreme Court within thirty (30) days of the appellate court's ruling.[15] Instead, on April 16, 2014, Palma signed and submitted an application to the Louisiana Supreme Court requesting that he be granted an extension of time to submit a writ application to the court at a later date.[16] The court denied the application without stated reasons on April 17, 2015.[17]

II.   <u>FEDERAL HABEAS PETITION</u>

On June 26, 2015, the clerk of this court filed Palma's petition for federal habeas corpus relief in which he asserts the following grounds for relief:[18] (1) The state trial court erred in accepting guilty pleas that were involuntarily made under duress, coercion and intimidation. (2) The state trial court erred in allowing Palma to plead guilty to

---

[14] St. Rec. Vol. 4 of 4, 1st Cir. Order, 2013-KW-1611, 2/18/14; 1st Cir. Writ Application, 2013-KW-1611, 9/16/13 (dated 9/11/13). The writ application was timely filed before October 1, 2013, the return date set by the state trial court. St. Rec. Vol. 1 of 4, Trial Court Order, 9/3/13; Notice of Intent, 8/19/13.

[15] La. S. Ct. Rule X §5 allows thirty (30) days to file for review in the Louisiana Supreme Court. Palma had until March 20, 2014, to submit a writ application to the Louisiana Supreme Court and he did not do so.

[16] St. Rec. Vol. 4 of 4, Motion to Reinstate, 14-KH-835, 4/23/14 (dated 4/16/14). Palma asserted <u>no</u> substantive claims for review in this pleading.

[17] State ex rel. Palma v. State, 168 So.3d 391 (La. 2015); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2014-KH-0835, 4/17/15.

[18] Rec. Doc. No. 4.

5

offenses that violated the Double Jeopardy Clause. Just as he did in the state courts, the substance of his second claim is alleged ineffective assistance of counsel in providing misleading and inconsistent advice and failing to contact Palma and his family and prepare a defense.

The State filed an answer and memorandum in opposition to Palma's petition asserting that state court remedies were not fully exhausted and that the federal petition was not timely filed.[19] Alternatively, the State argues that, even if Palma were to exhaust his state court remedies, the claims have no merit.

## III. GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[20] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Palma's petition, which, for reasons discussed below, is deemed filed in a

---

[19]Rec. Doc. Nos. 10, 11.

[20]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

federal court on June 13, 2015.[21] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State has argued that Palma failed to exhaust state court review of his claims and that his federal petition was not timely filed. Both defenses are supported by the record.

## IV.  EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted

---

[21]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of this court filed Palma's petition on June 26, 2015, after pauper status was granted. Palma dated his signature on the petition on June 13, 2015, which is the earliest date appearing in the record on which he could have submitted the pleadings to the prison officials for mailing to the court.

as to <u>all</u> of the federal court claims." <u>Whitehead</u>, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); <u>Rose</u>, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the <u>highest</u> state court." <u>Id</u>. (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971)) (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>accord</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." <u>Whitehead</u>, 157 F.3d at 387 (citing <u>Picard</u>, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents <u>new legal theories</u> or <u>new factual claims</u> in his federal application." (emphasis added) <u>Id.</u> (citing <u>Nobles</u>, 127 F.3d at 420). It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. <u>See</u> <u>Baldwin v. Reese</u>, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

8

To exhaust his claims in state court, Palma must have fairly presented the same claims and legal theories he urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner. As outlined above, Palma asserts that his guilty pleas were involuntary and that he received ineffective assistance of counsel (characterized by Palma as a Double Jeopardy claim). Both claims were asserted in the state trial court and in Palma's writ application to the Louisiana First Circuit. Palma, however, did not proceed with review of any substantive arguments in the Louisiana Supreme Court. He instead sought only additional time to file a writ application in that court without making any substantive claims, and his request for more time was denied. Palma did not present the substance of his claims to the Louisiana Supreme Court in a procedurally proper manner. Review of his claims was not properly exhausted in the state courts.

The record discloses no good cause for Palma's failure to exhaust these claims, and this court can find none. Rhines v. Weber, 544 U.S. 269, 278 (2005) (dismissal is appropriate where no good cause is shown for the failure to exhaust). Ordinarily, I would recommend that the petition be dismissed without prejudice to allow Palma to exhaust available state court remedies before seeking relief in this federal court.

In this case, however, allowing Palma to attempt complete state court exhaustion would be futile. As argued by the State, Palma did not timely file his federal petition under the AEDPA. The untimeliness of his filing is dispositive of his case and renders

exhaustion unnecessary. For the following reasons, Palma's petition should be dismissed with prejudice as time-barred.

## V. STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition in most cases within one year of the date his conviction became final.[22] Duncan, 533 U.S. at 179-80. Palma's conviction became final on September 19, 2013, when he completed direct state appellate review of his conviction. Under a literal application of Section 2244, Palma had one year from finality of his conviction, or until September 19, 2014, to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

---

[22]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Palma has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case. The record does not demonstrate the type of circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent. See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant

state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal

habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness

consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

Ordinarily, the one-year AEDPA statute of limitations would have commenced on September 20, 2013, the day after Palma's conviction became final under federal law. At that time, however, Palma's application for post-conviction relief was already pending in the state trial court, which suspended the start of the AEDPA statute of limitations. The application for post-conviction relief remained pending until March 20, 2014, when Palma did not timely proceed to review in the Louisiana Supreme Court.

Therefore, the one year AEDPA period commenced on March 21, 2014, and continued to run without interruption until Monday, March 23, 2015,[23] when it expired. Palma had no properly filed state court application for post-conviction relief or other collateral review pending in any state court during that period of time.

I reiterate that Palma's 2014 pleading to the Louisiana Supreme Court was not a writ application. Instead, the pleading was an out-of-time request for an extension of time to file a writ application that asserted no substantive claims for relief. Even if this pleading could somehow be construed as a writ application, it was not timely filed under state law. Under federal law, this untimely pleading under La. S. Ct. R. X §5 cannot be considered in the finality or limitations calculation. See Butler, 533 F.3d at 317, 319 (La. S. Ct. R. X§5(a) forbids any extension of time); Williams, 217 F.3d at 309-11 (same).

---

[23]The 30th day fell on Saturday, March 21, 2015, leaving the last day of the period to fall to the next business day, Monday, March 23, 2015. Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

Palma's federal petition is deemed filed on June 13, 2015, which was almost eleven (11) weeks <u>after</u> the AEDPA's one-year statute of limitations expired on March 23, 2015. It is therefore time-barred. <u>Lookingbill v. Cockrell</u>, 293 F.3d 256, 265 (5th Cir. 2002) (missing the AEDPA limitations deadline by even a few days nevertheless renders a federal petition untimely). Palma's federal petition must be dismissed with prejudice for that reason.[24]

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Palma's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen

---

[24] The United States Supreme Court decision in <u>Martinez v. Ryan</u>, __ U.S. __, 132 S. Ct. 1309 (2012), is not relevant to the timeliness of this federal petition. In <u>Martinez</u>, the Supreme Court held that a <u>procedural bar</u> imposed by <u>state courts</u> "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" <u>Trevino v. Thaler</u>, __ U.S. __, 133 S. Ct. 1911, 1912 (2013) (quoting <u>Martinez</u>, 132 S. Ct. at 1320). The <u>Martinez</u> and <u>Trevino</u> decisions do <u>not</u> address or provide an excuse for the untimely filing of a federal habeas petition. See <u>Arthur v. Thomas</u>, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the <u>Martinez</u> rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); <u>Smith v. Rogers</u>, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); <u>Falls v. Cain</u>, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun.13, 2014) (Order adopting Report and Recommendation). <u>Martinez</u> and <u>Trevino</u> also do <u>not</u> constitute new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA. See <u>In re Paredes</u>, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) ("... the Supreme Court has not made either <u>Martinez</u> or <u>Trevino</u> retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); <u>Adams v. Thaler</u>, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Neither <u>Martinez</u> nor <u>Trevino</u> would provide any equitable or statutory relief from Palma's untimely filing under the AEDPA.

(14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[25]

New Orleans, Louisiana, this ____22nd____ day of October, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[25]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.